IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Eugene King, | ) |
|        Plaintiff, | ) |
| vs. | ) No.: 5:23-cv-1898-TLW |
| Orangeburg County Court of Common Pleas; | ) ORDER |
| Edward Dickerson, *Administrative Judge*, | ) |
|        Defendants. | ) |

Plaintiff, Eugene King, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, seeking declaratory, injunctive, and monetary relief against the above-named defendants. ECF No. 1. Plaintiff is a state prisoner serving a forty-year term of imprisonment for a 2005 murder conviction in the Orangeburg County Court of General Sessions. ECF No. 17–1 at 12–13. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 15. Plaintiff has filed what the Court construes as objections to the Report. ECF No. 17. Accordingly, this matter is ripe for review.

Plaintiff brings this action pursuant to § 1983. ECF No. 1. The Report notes that the crux of Plaintiff's complaint is his challenge to a pre-filing injunction imposed by the Orangeburg County Court of Common Pleas as a result of Plaintiff filing too many cases that were deemed frivolous by the court. ECF No. 15 at 1. Plaintiff asserts that, as a result of the pre-filing injunction, he has been denied his

constitutional right of access to the Court. ECF No. 1. Specifically, Plaintiff alleges that the Court of Common Pleas would not accept his second PCR action without him first paying the $50.00 filing fee, which he cannot pay due to his indigency. *Id.* Plaintiff seeks declaratory, injunctive, and monetary relief. *Id.*

After carefully reviewing Plaintiff's complaint, the magistrate judge entered the Report, which recommends that this action be dismissed without prejudice and without issuance of service of process because Plaintiff fails to state a claim upon which relief can be granted. ECF No. 15 at 5. First, the Report concludes that Plaintiff fails to state a claim for denial of access to the courts. As noted by the magistrate judge, to "raise a plausible claim that a prisoner has been unconstitutionally denied access to the courts, he cannot rely on conclusory allegations." *Id.* at 3 (citing *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)). Instead, he must show (1) that his efforts to pursue his legal claims were hindered and (2) that the underlying claim that he was hindered from raising is itself meritorious. *Id.* (citations omitted). Here, the magistrate judge concluded that "Plaintiff fails to identify a nonfrivolous or arguable claim that he was not able to litigate his second PCR application . . . Instead, Plaintiff alleges only that the prefiling injunction prevents him from filing a case, which is not enough to demonstrate that he has been prejudiced or suffered an actual injury from the prefiling injunction." *Id.* at 4.

Second, the magistrate judge concludes that Plaintiff fails to state a claim for monetary damages against the defendants. *Id.* at 5. In support of this, the Report notes that, pursuant to authoritative caselaw, the Orangeburg County Court of

Common Pleas is not a "person" amenable to suit pursuant to § 1983 and the Honorable Edward Dickerson, South Carolina Circuit Judge, is immune from suit for actions taken in the performance of his judicial duties. *Id.*

Finally, the Report concludes that Plaintiff's claim for injunctive relief would raise federalism concerns and issues of state and federal court comity. *Id.* These concerns "may require the Court to abstain from interfering in the operations of the state court, especially considering that Plaintiff can seek relief from the prefiling injunction in the state court." *Id.* The Report notes that Plaintiff provides no evidence or indication that he has sought to challenge or raise purported constitutional issues regarding the state prefiling injunction in the state circuit or appellate courts. *Id.*

As noted, Plaintiff filed what the Court construes to be objections to the Report. ECF No. 17. Plaintiff's objections include several documents: (1) "Plaintiff's Demand [for] Relief in the Form of Declaratory and Injunctive Relief," (2) a motion for summary judgment, (3) an untitled exhibit listing documents attached to his objections, (4) a "Statement of Facts by and through *pro se*," (5) an affidavit, (6) a brief in support of his summary judgment motion, (7) copies of correspondence from both this Court and the Supreme Court of South Carolina, (8) the arrest warrant in Plaintiff's state case, (9) correspondence from his trial counsel, (10) the state court murder indictment, and (11) an application for forensic DNA testing of the murder weapon with the state court. ECF No. 17–1.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may

accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the Plaintiff's objections, and other relevant filings. Plaintiff's objections do not go to the substance of the Report but, instead, reassert the arguments raised in his complaint regarding the imposition of the state prefiling injunction. ECF No. 17. Plaintiff's objections allege a conspiracy to deny him access to the courts. *Id.* They do not address the Report's conclusion that Plaintiff's complaint (1) fails to state a denial of access to the courts claim, (2) a claim for damages under § 1983, or (3) that principles of comity and federalism counsel against granting injunctive relief that would interfere in the operation of a state court. *See* ECF No. 15.

After careful consideration, the Court concludes that Plaintiff's objections are repetitive and offer no showing, either factually or legally, that the complaint should not be dismissed for failure to state a claim. Therefore, **IT IS ORDERED** that the Report, ECF No. 15, is **ACCEPTED**, and the Plaintiff's objections, ECF No. 17, are **OVERRULED**. For the reasons stated in the Report, the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT SERVICE OF PROCESS.**

    **IT IS SO ORDERED**.

                                              *s/Terry L. Wooten*
                                              Senior United States District Judge

August 31, 2023
Columbia, South Carolina